UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BARUCH WINSTON,

    Petitioner,                 Case No. 2:12-cv-14475

v.                                  HONORABLE STEPHEN J. MURPHY, III

MARY BERGHUIS,

    Respondent.
_____/

**ORDER DENYING PETITION FOR WRIT OF HABEAS
CORPUS AND DECLINING TO ISSUE CERTIFICATE OF
<u>APPEALABILITY OR LEAVE TO APPEAL IN FORMA PAUPERIS</u>**

    Baruch Winston, confined at the West Shoreline Correctional Facility in Muskegon Heights, Michigan, seeks habeas relief pursuant to 28 U.S.C. § 2254. He challenges his plea-based conviction and sentence for first-degree criminal sexual conduct, Mich. Comp. Laws § 750.520(b)(1)(a). For the following reasons, the Court will deny the petition.

**BACKGROUND**

    On January 12, 2009, Winston pleaded guilty to a single count of first-degree criminal sexual conduct ("CSC I") with a child under the age of 13. The parties entered into a sentence agreement pursuant to which Winston would be sentenced to 14 to 40 years imprisonment in exchange for the dismissal of a weapons charge and seven CSC charges, which may have carried a mandatory minimum prison term of 25 years. The trial court informed Winston of the rights he would be giving up by pleading guilty. Winston indicated he understood the rights he would be relinquishing and acknowledged that he had not been threatened or coerced into pleading guilty. In making out a factual basis for the plea, Winston informed the court that he had fellatio with a minor under the age of 13.

    On January 27, 2009, the court sentenced Winston to 14 to 40 years in prison. The

conviction and sentence were affirmed on appeal. *See* ECF Nos. 20-7, 20-8. Winston's post-conviction motion for relief from judgment was denied. *See* ECF No. 20-5. The Michigan appellate courts denied Winston leave to appeal. *See* ECF Nos. 20-9, 20-10. Winston now seeks the issuance of a writ of habeas corpus on the following grounds:

   I.   Defendant's invalid sentence must be corrected as it was an abuse of discretion and disproportionate.

   II.  Due process requires resentencing where the court enhanced Winston's sentence based on facts neither admitted by Winston nor proven to a jury beyond a reasonable doubt. US CONST AM VI, XIV.

   III. Petitioner was not given the lesser included offense of the charge.

   IV.  Petitioner [sic] guideline scoring was inaccurate.

   V.   The weapons seized in this case were the produc[t] of an illegal search and seizure.

   VI.  Petitioner [sic] due process rights were violated where he was arrest [sic] for investigation, thereby making his arrest illegal[.]

   VII. Defendant's attorney was ineffective in violation of his 6th Amendment rights, where counsel failed to investigate charges, failed to file motions requested and induced Defendant into an illusory plea offer.

   VIII. Petitioner's Fourth Amendment rights were violated where the weapons seized could not have been seized because police did not obtain a search warrant.

   IX.  Petitioner's appellate attorney was ineffective in violation of his 6th Amendment rights, for failure to raise issues presented and failure to assist petitioner with Standard #4 supplemental at the appeal level.

   X.   The circuit court judge abused her discretion by allowing the petitioner to plead to a crime he could not have committed by the information used at sentencing.

Petition 1–9, ECF No. 12.

**STANDARD OF REVIEW**

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty

Act of 1996 (AEDPA), imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410–11. "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (citation omitted). In order to obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 103. A habeas petitioner should be denied

3

relief as long as it is within the "realm of possibility" that fairminded jurists could find the state court decision to be reasonable. *Woods v. Etherton,* 136 S. Ct. 1149, 1152 (2016).

## DISCUSSION

I. <u>Claims 1, 2, and 4: Sentencing</u>

The Court will consolidate Winston's first, second, and fourth claims together for judicial economy and clarity. As an initial matter, the Court notes that the prosecutor and Winston agreed that he would receive a sentence of 14 to 40 years, and the trial court sentenced Winston to that amount. "A defendant who consents to a specific sentence in a plea agreement and receives the exact sentence that he bargained for waives the right to challenge the sentence on appeal or collateral review." *Gill v. Berghuis*, No. CIV. 2:06-CV-10835, 2008 WL 1995096, at *2 (E.D. Mich. May 6, 2008) (citing *United States v. Livingston,* 1 F.3d 723, 725 (8th Cir. 1993)). By receiving the agreed-upon sentence, Winston waived his right to challenge his sentence.

In addition, Winston's sentence of 14 to 40 years was within the statutory limits for his charge. Such sentences are not generally subject to habeas review. *Townsend v. Burke*, 334 U.S. 736, 741 (1948); *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999). A sentence within the maximum set by statute does not normally constitute cruel and unusual punishment. *Austin v. Jackson*, 213 F.3d 298, 302 (6th Cir. 2000). Claims which arise out of a state trial court's sentencing decision are not normally cognizable on federal habeas review, unless the habeas petitioner can show that the sentence imposed exceeded the statutory limits or is wholly unauthorized by law. *Lucey v. Lavigne,* 185 F. Supp. 2d 741, 745 (E.D. Mich. 2001).

First, Winston claims he received an invalid sentence and that it was disproportionate

because the judge was not made aware of numerous matters concerning Winston's otherwise good character. The U.S. Constitution does not require that sentences be proportionate. *Harmelin v. Michigan*, 501 U.S. 957, 965 (1991) (plurality holding that the Eighth Amendment does not contain a requirement of strict proportionality between the crime and sentence). The Eighth Amendment forbids only "extreme sentences that are grossly disproportionate to the crime." *Id.* at 1001 (internal quotation marks omitted).

Successful challenges to the proportionality of a particular sentence in non-capital cases are exceedingly rare, *Rummel v. Estelle*, 445 U.S. 263, 272 (1980), and federal courts will not engage in a proportionality analysis except where the sentence imposed is death or life imprisonment without parole. *See Seeger v. Straub,* 29 F. Supp. 385, 392 (E.D. Mich. 1998). A claim that a sentence is imposed in violation of Michigan's sentencing law does not state a claim for relief in a habeas proceeding absent a claim that the sentence amounts to an Eighth Amendment violation. *Hanks v. Jackson*, 123 F. Supp. 2d 1061, 1075 (E.D. Mich. 2000). Accordingly, Winston's claim of a disproportionate sentence fails. *Whitfield v. Martin,* 157 F. Supp. 2d 758, 761 (E.D. Mich. 2001).

Winston's related claim that the trial court failed to afford him individualized consideration of mitigating evidence also fails to state a claim upon which habeas relief can be granted: "[T]he Supreme Court has limited its holdings concerning mitigating evidence to capital cases." *Alvarado v. Hill,* 252 F.3d 1066, 1069 (9th Cir. 2001) (citing *Harmelin*, 501 U.S. at 996); *see Engle v. United States,* 26 F. App'x 394, 397 (6th Cir. 2001). Because Winston had no constitutional right to an individualized sentence, no constitutional error occurred because of the state trial court's failure to consider mitigating evidence on his behalf at sentencing. *See Hastings v. Yukins,* 194 F. Supp. 2d 659, 673 (E.D. Mich. 2002).

In his second and fourth claims, Winston claims his guideline score was inaccurate. He argues that he should be resentenced because the court enhanced his sentence based on facts neither admitted by him nor proven to a jury.

Winston's claim that the trial court incorrectly calculated his sentencing guidelines range under the Michigan Sentencing Guidelines is a state law claim, and thus not cognizable for federal habeas review. *See Howard v. White,* 76 F. App'x 52, 53 (6th Cir. 2003). Because Winston had "no state-created interest in having the Michigan Sentencing Guidelines applied rigidly in determining his sentence," *Mitchell v. Vasbinder,* 644 F. Supp. 2d 846, 867 (E.D. Mich. 2009), he "had no federal constitutional right to be sentenced within Michigan's guideline minimum sentence recommendations." *Doyle v. Scutt,* 347 F. Supp. 2d 474, 485 (E.D. Mich. 2004). Any error by the trial court in calculating his guideline score would not merit habeas relief. And his claim that the state trial court improperly departed above the guidelines range does not entitle him to habeas relief, because the departure did not violate his federal due process rights. *Austin*, 213 F.3d at 301.

Winston further contends that the trial court violated his Sixth Amendment right to a trial by jury by using factors that were neither submitted to a jury and proven beyond a reasonable doubt, nor admitted to by Winston when scoring these guideline variables under the Michigan Sentencing Guidelines.[1]

In *Alleyne v. United States*, the Supreme Court ruled that any fact that increases the mandatory minimum sentence for a crime is an element of the criminal offense that must

---

[1] Under Michigan law, only the minimum sentence must presumptively be set within the appropriate sentencing guidelines range. *See People v. Babcock,* 469 Mich. 247, 255, n.7 (2003) (citation omitted). The maximum sentence is set by law, not determined by the trial judge. *See People v. Claypool,* 470 Mich. 715, 730 n.14 (2004) (citation omitted).

be proven beyond a reasonable doubt. 133 S. Ct. 2151, 2155 (2013). *Alleyne* is an extension of *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *Blakely v. Washington*, 542 U.S. 296 (2004), in which the Supreme Court held that any fact that increases or enhances a penalty for a crime beyond the prescribed statutory minimum for the offense must be submitted to the jury and proven beyond a reasonable doubt. In reaching this conclusion, the Supreme Court overruled *Harris v. United States*, 536 U.S. 545 (2002), in which it held that only factors that increase the maximum, as opposed to the minimum, sentence must be proven beyond a reasonable doubt to a factfinder. *Alleyne,* 133 S. Ct. at 2157–58. But the Court indicated that its decision did not mean that every fact influencing judicial discretion in sentencing must be proven to a jury beyond a reasonable doubt. *Id.* at 2163.

*Alleyne* is inapplicable to Winston's case because that holding "dealt with judge-found facts that raised the mandatory minimum sentence under a statute, not judge-found facts that trigger an increased guidelines range," which is what happened to Winston. *See United States v. Cooper*, 739 F.3d 873, 884 (6th Cir. 2014); *see also United States v. James*, 575 F. App'x 588, 595 (6th Cir. 2014) (collecting cases and noting that at least four post-*Alleyne* unanimous panels of the Sixth Circuit have "taken for granted that the rule of *Alleyne* applies only to mandatory minimum sentences."); *Saccoccia v. Farley*, 573 F. App'x 483, 485 (6th Cir. 2014) ("But *Alleyne* held only that 'facts that increase a mandatory statutory minimum [are] part of the substantive offense.' [] It said nothing about guidelines sentencing factors."). The Sixth Circuit has ruled that *Alleyne* did not decide the question of whether judicial factfinding under Michigan's indeterminate sentencing scheme violates the Sixth Amendment. *See Kittka v. Franks*, 539 F. App'x 668, 673 (6th Cir. 2013).

The Michigan Supreme Court recently relied on the *Alleyne* decision in holding that

Michigan's Sentencing Guidelines scheme violates the Sixth Amendment right to a jury trial. *See People v. Lockridge*, 498 Mich. 358 (2015). But Winston cannot rely on *Lockridge* to obtain relief here. The AEDPA standard of review, *see* 28 U.S.C. § 2254 (d)(1), prohibits the use of lower court decisions in determining whether a state court decision is contrary to, or an unreasonable application of, clearly established federal law. *See Miller v. Straub,* 299 F.3d 570, 578–79 (6th Cir. 2002). "The Michigan Supreme Court's decision in *Lockridge* does not render the result 'clearly established' for purposes of habeas review." *Haller v. Campbell*, No. 1:16-CV-206, 2016 WL 1068744, at *5 (W.D. Mich. Mar. 18, 2016). Since the Sixth Circuit ruled that *Alleyne* does not apply to sentencing guidelines factors, reasonable jurists could disagree over whether *Alleyne* applies to the calculation of Michigan's minimum sentencing guidelines; thus, *Alleyne* "did not clearly establish the unconstitutionality of the Michigan sentencing scheme and cannot form the basis for habeas corpus relief." *Id.; see Perez v. Rivard*, No. 2:14-cv-12326, 2015 WL 3620426, at *12.* Accordingly, Winston is not entitled to relief on his sentencing claims.

II.  Claim 3: Jury Instructions

Next, Winston alleges that the jury was not instructed as to the lesser included offenses of the charge. Winston accepted a plea and sentence agreement, thereby waiving his trial rights. As a result, there was no jury to instruct. Winston's claim is meritless.

III. Claims 5, 6, and 8: Illegal Search and Seizure

The Court will consolidate Winston's fifth, sixth, and eighth claims together for judicial economy and clarity. Winston alleges that his Fourth Amendment rights were violated because the police did not have probable cause to arrest him or to search his home.

Federal habeas review of a petitioner's arrest or search by state police is barred

where the state has provided a full and fair opportunity to litigate an illegal arrest or a search and seizure claim. *Stone v. Powell*, 428 U.S. 465, 494–95 (1976); *Machacek v. Hofbauer*, 213 F.3d 947, 952 (6th Cir. 2000). For that opportunity to exist, the state must have provided a mechanism by which the petitioner could raise the claim, and presentation of the claim must not have been frustrated by a failure of that mechanism. *Riley v. Gray*, 674 F.2d 522, 526 (6th Cir. 1982). The relevant inquiry is whether a habeas petitioner had an opportunity to litigate his claims, not whether he did so, or whether the Fourth Amendment claim was correctly decided. *See Wynne v. Renico,* 279 F. Supp. 2d 866, 892 (E.D. Mich. 2003), *rev'd on other grounds*, 606 F.3d 867 (6th Cir. 2010). Under *Stone*, the correctness of a state court's conclusions regarding a Fourth Amendment claim is simply irrelevant. *See Brown v. Berghuis,* 638 F. Supp, 2d 795, 812 (E.D. Mich. 2009).

Winston raised his Fourth Amendment claim in his post-conviction motion. He had a full and fair opportunity to raise the claim in state court. *See Villafuerte v. Stewart,* 111 F.3d 616, 627 (9th Cir. 1997). Thus, he is not entitled to habeas relief here.

IV.   Claim 7: Ineffective Assistance of Trial Counsel

Next, Winston claims he was denied the effective assistance of trial counsel when counsel failed to file a motion to suppress, and when counsel permitted Winston to plea to an offense contrary to the information and applicable statue.

To show ineffective assistance of counsel, a defendant must satisfy a two prong test. First, he must demonstrate that, considering all of the circumstances, counsel's performance was so deficient that the attorney was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In so doing, the defendant must overcome a strong presumption that counsel's behavior

9

lies within the wide range of reasonable professional assistance. *Id.* A petitioner must overcome the presumption that, under the circumstances, the challenged action might be sound trial strategy. *Id.* at 689. Second, the defendant must show that such performance prejudiced his defense such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "*Strickland*'s test for prejudice is a demanding one. 'The likelihood of a different result must be substantial, not just conceivable.'" *Storey v. Vasbinder*, 657 F.3d 372, 379 (6th Cir. 2011) (quoting *Harrington*, 562 U.S. at 112). The defendant bears the burden to show a reasonable probability that the result of the proceeding would have been different but for counsel's allegedly deficient performance. *Wong v. Belmontes*, 558 U.S. 15, 27 (2009).

Winston alleges that trial counsel was ineffective for (1) failing to file a suppression motion for illegally seized weapons and a video from his home; (2) failing to move to amend the information as to the dates of the offenses prior to entry of Winston's plea; and (3) allowing him to enter a plea to CSC I with a minor under the age of 13 that listed a date — June 14, 2008 — when the victim was older than 13 years of age on that date.

An unconditional guilty plea constitutes a waiver of all pre-plea non-jurisdictional constitutional deprivations. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). Pre-plea claims of ineffective assistance of trial counsel are considered nonjurisdictional defects that are waived by a guilty plea. *See United States v. Stiger,* 20 F. App'x 307, 309 (6th Cir. 2001). By pleading guilty, Winston waived the claims that counsel was ineffective for failing to file a motion to suppress the weapons and video obtained from his house, and failing to move to amend the information. He therefore is not entitled to habeas relief for those claims.

Winston provides no support for the contention that counsel was ineffective by

10

inducing him into an illusory plea offer. Such conclusory allegations do not provide a basis for habeas relief. *See Workman v. Bell,* 178 F.3d 759, 771 (6th Cir. 1998).

V.   Claim 9: Ineffective Assistance of Appellate Counsel

Winston alleges that appellate counsel was ineffective by failing to raise trial counsel's ineffectiveness for failing to file a motion to suppress and failing to move to amend the information on appeal.

The Sixth Amendment guarantees a defendant the right to the effective assistance of counsel on the first appeal by right. *Evitts v. Lucey*, 469 U.S. 387, 396–97 (1985). But court-appointed counsel does not have a constitutional duty to raise every nonfrivolous issue requested by a defendant. *Jones v. Barnes*, 463 U.S. 745, 751 (1983). The Court has already determined that Winston's claim is without merit. "[A]ppellate counsel cannot be found to be ineffective for 'failure to raise an issue that lacks merit.'" *Shaneberger v. Jones*, 615 F.3d 448, 452 (6th Cir. 2010) (quoting *Greer v. Mitchell*, 264 F.3d 663, 676 (6th Cir. 2001)). Because none of these claims can be shown to be meritorious, appellate counsel was not ineffective in his handling of Winston's direct appeal.

VI.   Claim 10: Abuse of Discretion

Winston claims the trial court abused its discretion by allowing him to plead guilty to the CSC I charge when the criminal information was defective. Specifically, he claims the information was defective by listing a date that put the victim over the age of fourteen, and thus failed to establish the elements of CSC I.

Under Michigan law, a plea to the information waives any challenge to irregularities in the complaint. *See U.S. ex rel. Penachio v. Kropp*, 448 F.2d 110, 111 (6th Cir. 1971); *Rogers v. Kropp, Warden*, 387 F.2d 374, 375 (6th Cir. 1968). Because Winston pleaded

guilty without challenging the deficiencies within the information, he is precluded from obtaining habeas relief on this issue. The Court also notes that a written Victim's Impact Statement was read into the record at sentencing, establishing that the conduct occurred over a number of years, including a time in which the victim was under the age of 13.

VII. Certificate of Appealability

Pursuant to 28 U.S.C. § 2253, before a petitioner may appeal a decision of the Court, the Court must determine if petitioner is entitled to a Certificate of Appealability (COA). 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). The Court must either issue a COA indicating which issues satisfy the required showing or provide reasons why a COA should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The substantial showing threshold is satisfied when a petitioner demonstrates "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citation omitted). In applying that standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Miller-El v. Cockrell*, 537 U.S. 322, 336–37 (2003). "When a habeas applicant seeks permission to initiate appellate review of the dismissal of his petition," a federal court should "limit its examination to a threshold inquiry into the underlying merit of his claims." *Id.* at 323.

After conducting the required inquiry, and for the reasons stated in the order above, the Court finds that Winston has not made a substantial showing of the denial of a

constitutional right with respect to any of the claims presented. *See* 28 U.S.C. § 2253(c)(2). He should not receive any encouragement to proceed further. *Slack*, 529 U.S. at 484. Because the Court can discern no good faith basis for an appeal, *see Miller-El*, 537 U.S. at 338, any appeal would be frivolous. The Court will therefore deny a COA. *See Long v. Stovall,* 450 F. Supp. 2d 746, 755 (E.D. Mich. 2006). The Court will also deny Winston leave to appeal in forma pauperis, because the appeal would be frivolous. *Hence v. Smith*, 49 F. Supp. 2d 547, 549 (E.D. Mich. 1999).

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that Winston's Petition for Writ of Habeas Corpus is **DENIED** and the matter is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a Certificate of Appealability is **DENIED**, and Winston is **DENIED** leave to appeal in forma pauperis.

**SO ORDERED.**

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: November 22, 2016

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 22, 2016, by electronic and/or ordinary mail.

s/David P. Parker
Acting Case Manager